**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2019-RPL3** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:**<br>**978 Brewer Lake Road, Orrington, ME 04474** |
| **Vermont Mutual Insurance Company d/b/a Vermont Mutual Insurance Group** | **Mortgage:**<br>**March 7, 2006**<br>**Book 10346, Page 48** |
| **Defendant** | **Penobscot County Registry of Deeds** |

NOW COMES the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2019-RPL3, ("U.S. Bank") by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Vermont Mutual Insurance Company d/b/a Vermont Mutual Insurance Group ("Vermont Mutual"), as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand

1

($75,000.00) dollars as follows: (a) the object of this litigation is a Homeowner's Property Insurance Policy ("Policy") by and between Mark Meierdirk and Vermont Mutual Insurance Company, and in which Select Portfolio Servicing, Inc., Mortgage Servicer for the named Plaintiff is listed as the first mortgagee on said Policy and Mark Meierdirk is the Named Insured relating to the subject property, (b) the amount owed to the Plaintiff as the mortgagee is $116,769.71 as of January 28, 2026, plus costs and attorney's fees (c) coverage under the Policy is listed as follows: Dwelling: $230,000, Other Structures: $23,000, Personal Property as $161,000 and Loss of Use: $46,000, and (d) Plaintiff is also seeking attorney fees and costs associated with the instant action.

3.  Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Orrington, Maine.

## PARTIES

4.  The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2019-RPL3, ("the Trust"), is a National Association with its principal place of business located at 1100 North Market Street, Wilmington, Delaware, 19890, and is therefore for diversity purposes a resident of Delaware.

5.  Select Portfolio Servicing, Inc. is a Utah corporation, the loan servicer for the subject loan and has Power of Attorney and acts as the Attorney-in-Fact on behalf of the Trust, and has a principal/main place of business located at 3217 S. Decker Lake Drive, Salt Lake City, UT 84119.

2

6. The Defendant, Vermont Mutual Insurance Company d/b/a Vermont Mutual Insurance Group, is a Vermont insurance company with a principal place of business located in Montpelier, County of Washington and State of Vermont.

FACTS

7. On June 4, 1973, by virtue of a Warranty Deed from Ernest Harriman and Kathleen M. Harriman, which is recorded in the Penobscot County Registry of Deeds in **Book 2374, Page 328**, the property situated at 978 Brewer Lake Road, Town of Orrington, County of Penobscot, and State of Maine, (the "Property") was conveyed to Danny Meierdirk and Lynn A. Meierdirk, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of said Warranty Deedis attached hereto and incorporated herein).

8. Upon information and belief, Danny Meierdirk passed away on or about November 21, 2000. *See* Exhibit B (a true and correct copy of the Certificate and Abstract Probate Documents relating to Danny Meierdirk is attached hereto and incorporated herein).

9. On March 7, 2006, Lynn A. Meierdirk executed and delivered to Homecomings Financial Network, Inc., a certain Note under seal in the amount of $109,500.00. *See* Exhibit C (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on March 7, 2006, Lynn A. Meierdirk executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc, as nominee for Homecomings Financial Network, Inc.,  securing the property located at 978 Brewer Lake Road, Orrington, Maine, which Mortgage Deed is recorded in the Penobscot County Registry of Deeds in **Book 10346, Page 48**. *See* Exhibit D (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

3

11. The loan went into default in September of 2023, and, to date, the total due under the First Mortgage  is $116,169.71, plus costs and attorney's fees.

12. Upon information and belief, on June 27, 2024, Mark D. Meierdirk executed a quitclaim deed conveying the Property to himself, Mark D. Meierdirk on behalf of Lynn Ann Meierdirk as her attorney-in-fact pursuant to a power of attorney, (not attached) and said deed was recorded in the Penobscot County Registry of Deeds in **Book 17186, Page 71** on June 27, 2024.  *See* Exhibit E (a true and correct copy of the Quitclaim Deed is attached hereto and incorporated herein).

13. Upon information and belief, Lynn A. Meierdirk passed away on or about July 3, 2024. *See* Exhibit F (a true and correct copy of Lynn A. Meierdirk's Death Certificate is attached hereto and incorporated herein).

14. On or about December 18, 2024, Vermont Mutual issued the Policy that is the subject of this action, being a homeowner's policy covering the subject property at 978 Brewer Lake Road, Orrington, Maine.  *See* Exhibit G (a true and correct copy of the Homeowner's Insurance Policy is attached hereto and incorporated herein).

15. The Policy was assigned a policy number of either AP01590001 or HP00228491.

16. The Policy had a policy period from December 12, 2024, to December 12, 2025, 12:01 a.m. Eastern Standard Time.

17. Upon information and belief, the Policy had the following coverages:

| Coverage | Limit of Liability |
| --- | --- |
| Dwelling | $230,000.00 |
| Other Structures | $23,000.00 |
| Personal Property | $161,000.00 |
| Loss of Use | $46,000.00 |

Personal Liability – Each Occurrence      $500,000.00

18. Select Portfolio Servicing, Inc., Servicing Agent and Power of Attorney for the Trust its successors and/or assigns, was listed on the policy as a loss payee in its capacity as the servicer and attorney-in-fact for the first mortgagee, the Plaintiff.

19. Section I, Paragraph 12 of the Policy states the following:

12. Mortgage Clause.

The word "mortgagee" includes trustee.

If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages. If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

    a. Notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

    b. Pays any premium due under this policy on demand if you have neglected to pay the premium; and

    c. Submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee.

If we decide to cancel or not to renew this policy, the mortgagee will be notified at least 10 days before the date cancellation or nonrenewal takes effect.

If we pay the mortgagee for any loss and deny payment to you:

a. We are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

b. At our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, we will receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

Subrogation will not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

20. The Policy also includes an Endorsement entitled, "Special Provisions – Maine" and states, "THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.", which states the following, in Section I -- CONDITIONS:

12. Mortgage Clause (All Forms Except HO 00 04) is deleted and replaced by the following:

12. Mortgage Clause

The word "mortgagee" includes trustee.

If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages. If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

a. Notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

b. Pays any premium due under this policy on demand if you have neglected to pay the premium; and

c. Submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee.

If we decide to cancel or not to renew this policy, the mortgagee will be notified at least 10 days before the date cancellation or nonrenewal takes effect.

If we pay the mortgagee for any loss and deny payment to you:

a. We are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

b. At our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, we will receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

Subrogation will not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

If loss hereunder is made payable, in whole or in part, to a designated mortgagee not named herein as the "insured", such interest in this policy may be cancelled by giving to such mortgagee a ten days' written notice of cancellation.

If the "insured" fails to render proof of loss, such mortgagee, upon notice, shall render proof of loss in the form herein specified within sixty (60) days thereafter and shall be subject to the provisions hereof relating to appraisal and time of payment and of bringing suit.

> If this Company shall claim that no liability existed as to the mortgagor or owner, it shall to the extent of payment of loss to the mortgagee, be subrogated to all the mortgagee's rights of recovery, but without impairing mortgagee's right to sue, or it may pay off the mortgage debt and require an assignment thereof and of the mortgage.
>
> Other provisions relating to the interest and obligations of such mortgagee may be added hereto by agreement in writing.

21. On or about December 18, 2024, Vermont Mutual mailed a letter to Mark Meierdirk with a copy of his Homeowner's Insurance Policy for the subject property. *See* Exhibit H (a true and correct copy of the letter is attached hereto and incorporated herein).

22. Upon information and belief, on or about January 30, 2025, Orrington Fire and Rescue received a call regarding a fire at the subject property. *See* Exhibit I (a true and correct copy of the Fire Report is attached hereto and incorporated herein).

23. On or about January 30, 2025, the subject Property sustained direct physical loss due to fire, a peril covered under said Insurance Policy.

24. Said Mortgage, referenced herein at Paragraph 10, was ultimately assigned to U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2019-RPL3, via assignment of mortgage, dated June 10, 2025, and recorded in the Penobscot County Registry of Deeds in Book 17523, Page 250. *See* Exhibit J (a true and correct copy of the Assignment of Mortgage to Plaintiff is attached hereto and incorporated herein).

25. Upon information and belief Mark Meierdirk filed an insurance claim, for the fire damage sustained to the subject property, and upon information and belief, the Defendant has assigned this matter claim number of HL018479. and, on or about July 25, 2025,

Select Portfolio Servicing, Inc., servicer for Plaintiff, Plaintiff's attorney in fact, and the insured mortgagee under the Policy, through its vendor, Rutledge Claims Management, Inc. ("Rutledge"), submitted a claim to Vermont Mutual to recover funds due to them as a result of the loss/damage sustained as a result of the January 30, 2025 fire. *See* Exhibit K (a true and correct copy of the letter dated July 25, 2025, from Rutledge to Vermont Mutual is attached hereto and incorporated herein).

26. The loss resulted in significant and substantial damage to the Property, materially impairing Plaintiff's collateral securing the mortgage loan.

27. Timely notice of said loss was provided to the Defendant in accordance with the Policy's terms.

28. Despite the existence of a covered loss, Defendant has failed to provide coverage, alleging exclusion for intentional loss (allegedly caused by Mark Meierdirk, and as a result, said exclusion is specific to the named insured, Mark Meierdirk) and alleged misrepresentations by Mark Meierdirk in his procurement of coverage, with the potential result being the recission of the policy *ab initio*, impacting all insureds seeking coverage under the policy.

29. Defendant's failure to provide coverage relied on alleged acts or omissions of the named insured, Mark Meierdirk.

30. Plaintiff has fully complied with all conditions precedent to recovery of payment on said insurance claim relating to the subject property.

31. To date, Defendant has failed to pay Plaintiff the insurance proceeds due and owed to Plaintiff under the Policy.

32. Defendant's failure to pay constitutes a material breach of contract.

## COUNT I – BREACH OF CONTRACT

33. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2019-RPL3, repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. By executing, issuing and delivering a Homeowner's Insurance Policy to Mark Meierdirk, which listed the first mortgagee, as Select Portfolio Servicing, Inc., the servicer for the Plaintiff in this instant action, Vermont Mutual entered into a written contract with Mark Meierdirk and Select Portfolio Servicing, Inc. *See* Ex. H.

35. As part of this contract, Vermont Mutual agreed to insure the subject property against loss.

36. Said policy constitutes a valid and binding contract.

37. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2019-RPL3, is the proper holder of the Note and successor-in-interest to Homecomings Financial Network, Inc., *see* Ex. J, and has performed its obligations under the Note and Mortgage.

38. Vermont Mutual breached the terms of the Policy by failing to issue payment relating to an insurance claim for a sustained loss by fire as to the subject property.

39. Defendant's denial and refusal to provide payment in regard to said insurance claim relied on alleged acts or omissions of the named insured, Mark Meierdirk.

40. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2019-RPL3 is the proper holder of the Note, as well as the proper assignee of the Mortgage.

41. Defendant, Vermont Mutual, having failed to comply with the terms of the Homeowner's Insurance Policy, is in breach of contract by wrongfully denying coverage and failing to remit insurance proceeds owed to Plaintiff as successor-in-interest to the owner.

42. Defendant, Vermont Mutual, is indebted to U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2019-RPL3 in the sum of One Hundred Sixteen Thousand, One Hundred Sixty-Nine and 71/100 ($116,169.71) Dollars, for failing to properly insure and issue payment relating to an insurance claim for a sustained loss by fire as to the subject property,

43. Defendant, Vermont Mutual's, breach is knowing, willful, and continuing.

44. Defendant, Vermont Mutual's, breach has caused Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2019-RPL3, to suffer actual damages, including, but not limited to unpaid insurance proceeds, interest, expectancy damages, impairment of and diminution of collateral value of the subject property, as well as attorney's fees and costs.

45. Injustice can only be avoided by awarding damages for the total amount owed under the Policy, including interest, plus costs and expenses, including attorney fees.

<u>COUNT II – UNFAIR CLAIMS SETTLEMENT PRACTICES</u>

46. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2019-RPL3, repeats and re-alleges paragraphs 1 through 45 as if fully set forth herein.

47. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2019-RPL3, hereby states that the Defendant by failing to remit insurance proceeds on said insurance claim was engaged and is currently engaging in Unfair Claims Settlement Practices pursuant to

Maine Revised Statute, Title 24-A, Chapter 27, §2436-A, which has materially injured said Plaintiff, and consequently, Plaintiff is entitled to damages, together with costs and disbursements, reasonable attorney's fees and interest on damages at the rate of 1½% per month.

PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2019-RPL3, prays this Honorable Court:

a) Find that the Defendant, Vermont Mutual, entered into a contract for to provide insurance in the event of a loss in the subject property;

b) Award pre-judgment and post-judgment interest pursuant to statute;

c) Find that the Defendant, Vermont Mutual, is in breach of contract by failing to comply with the terms and conditions of said contract, Insurance Policy;

d) Find that the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2019-RPL3, is entitled to damages in the amount of $230,000.00 plus costs and attorney fees as the property was declared a total loss;

e) Additionally, issue a money judgment against the Defendant, Vermont Mutual, and in favor of the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2019-RPL3, in the amount of One Hundred Sixteen Thousand, One Hundred Sixty-Nine and 71/100 ($116,169.71) Dollars, the total debt owed under the Note plus interest and costs plus costs and attorney's fees;

f) Find that Plaintiff is entitled to coverage under the Policy;

12

g) Find that the Defendant has engaged and is engaged in unfair claims settlement practices, pursuant to Maine Revised Statute, Title 24-A, Chapter 27, §2436-A, in regard to its non-issuance of insurance proceeds on said insurance claim as it relates to Plaintiff and is entitled to and shall be awarded damages, together with costs and disbursements, reasonable attorney's fees and interest on damages at the rate of 1½% per month.;

h) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2019-RPL3,
By its attorney,

Dated: January 30, 2026

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., hereby certify that on this 30th day of January 2026, I served a copy of the above document by electronic notification using the CM/ECF system and/or First-Class Mail to the following:

/s/ Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746

Vermont Mutual Insurance Company
d/b/a Vermont Mutual Insurance Group
c/o James Poliquin, Esq.
Norman Hanson & DeTroy, LLC
220 Middle Street
P.O. Box 4600
Portland, ME 04112